# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | Bankruptcy Case No. 17-20831 MER |
|     DANIEL RICHARD DOLL, ) | |
| ) | Chapter 13 |
|     Debtor. ) | |

### DEBTOR'S REPLY TO TRUSTEE'S OBJECTION
### TO DEBTOR'S MOTION TO DISGORGE TRUSTEE'S FEES

    COMES NOW DANIEL RICHARD DOLL ("Debtor"), by and through his attorneys, Stephen E. Berken, Sean Cloyes and Thomas Mathiowetz, submits the following Reply to Trustee's Objection to Debtor's Motion to Disgorge Trustee's Fees, pursuant to Rule 5009(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 1326(a)(2), and states as follows:

**I.    THE STANDING CHAPTER 13 TRUSTEE MAY NOT RETAIN HIS STATUTORY PERCENTAGE FEE PURSUANT TO 28 U.S.C. § 586(e) IN A CASE THAT WAS DISMISSED PRIOR TO CONFIRMATION.**

    Resolution of the issue before the Court turns on the construction of two statutory subsections.[1] The first is 28 U.S.C. § 586(e), which states that the Trustee "shall collect such percentage fee **from all payments received** by such individual **under plans** in the cases under chapter . . . 13 of title 11 for which such individual serves as standing trustee." 28 U.S.C. § 586(e)(2) (emphasis added).[2]

    The second subsection is 11 U.S.C. § 1326(a) which states that payments "**shall be retained by the trustee until confirmation** or denial of confirmation. . . . **If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the**

---

[1] A third statute, 11 U.S.C. § 349, generally governs the effect of dismissal of all cases under Title 11 regardless of chapter. Neither party raised this issue, but the result would be same. Under the Hamilton "revesting" analysis, all of the funds on hand must be returned to Debtors both under § 349(b)(3) and under § 1326(a)(2). In re Lundy, *7 n. 8, referencing In re Hamilton, 493 B.R. 31, 39 (Bankr. M.D. Tenn. 2013).

[2] It is important to note that Debtor is not challenging the setting of the fee in this case, but rather, he challenges the Trustee's claim that the Trustee is permitted to retain such fee in a case that has been dismissed before confirmation of a plan. See Response, p. 6 (bankruptcy court does not review or adjust a standing trustee's fee - that is province of the Attorney General and the United States trustee.)

**debtor, after deducting any unpaid claim allowed under section 503(b).** 11 U.S.C. § 1326(a)(1)(A) and (a)(2) (emphasis added). [3]

### A. Section 586 Is Ambiguous And Must Be Read In Conjunction With § 1326(a).

According to the Trustee, "Section 586(e) is specific, unambiguous, mandatory, and stands on its own: the Trustee shall collect his percentage fee from all payments received. There is no reference to whether the plan has been confirmed or not. [Confirmation] is not a qualification on whether the trustee's percentage fee is collected." Response, p. 7.

Other courts disagree with the Trustee's position and have found that § 586 is ambiguous. Foulston v. BDT Farms, Inc. (In re BDT Farms, Inc., 21 F.3d 1019, 1023 (10th Cir. 1994) ("We can only conclude that § 586(e) is ambiguous."); Nardello v. Balboa (In re Nardello), 514 B.R. 105, 110 (D. N.J. 2014) ("The Court finds Section 586 to be ambiguous because it does not define 'all payments received under plans.'").

Notwithstanding the findings that § 586 is ambiguous, the Trustee relies solely on the construction and analysis in Nardello, finding that § 586(e) makes collection of the statutory percentage fee mandatory on all payments received, including in cases dismissed before confirmation of a plan. Response, p. 6.[4] In Nardello, the District Court found that "[t]he plain language of Section 586 directs the standing trustee to collect a percentage fee based on 'all payments received' by the trustee and this language makes payment of the percentage fee mandatory." Id. at 111. The Court concluded that because the percentage fee is separate and apart from payments to creditors, Section 1326(a)(2) does not require that it be returned to the debtor. Id. at 113.

---

[3] Both parties agree that the Trustee's percentage fee is not an administrative expense under 11 U.S.C. §§ 1326(a)(2) and 503. See Response, p. 6. ("Trustee agrees with Debtor's position, as the standing Chapter 13 trustee's percentage fee is not part of 11 U.S.C. § 330 in accordance with 11 U.S.C. § 326(b).")

[4] The Trustee does direct the Court to three unreported cases from bankruptcy courts in other districts. Response, p. 12 n. 34 - *See* In re Cryder, No. 11-56676 (Bankr. S.D. Ohio, June 15, 2012); In re Antonacci, No. BK-S-08-23349 LBR (Bankr. D. Nev. (December 27, 2011); In re Sheedy, No. 10-16236 (Bankr. D. Mass. March 11, 2016). Response, p. 12 n. 34; *see also*, In re Wade, No. 13-51209-KMS (Bankr. S.D. Miss. May 5, 2014). However, none of the reported orders supporting the retention of the percentage fee provided an extended statutory analysis of the issue, and in some cases, it appears no objection or responsive pleading was filed. See In re Dickens, p. 1 n. 1; In re Evans, p. 5 n. 6, p. 9. For example, in Cryder, no objection or responsive pleading was filed (although the trustee solicited amicus briefs), the UST filed a lengthy brief, and the bankruptcy court issued a two-page order with no analysis. In Antonacci, the bankruptcy court's order granting the motion was two pages and contained no analysis. In Sheedy, the bankruptcy court merely issued an order overruling the Debtor's objection based on the reasoning set forth in the Trustee's response. In Wade, the Trustee's motion was unopposed and the Court relied on the rulings in Cryder and Antonacci.

Nardello is the minority rule, and has little support from sister bankruptcy courts. The majority of courts that have decided this issue have ruled to the contrary, *i.e.*, sections 28 U.S.C. 586(e) and 11 U.S.C. 1326(a)(2), read together, preclude the chapter 13 trustee from taking any statutory commission from plan payments made in a case in which no confirmation order is entered. See cases cited in Motion, p. 5 n.1 The Trustee has not addressed nor refuted the findings of these cases. See also, In re Evans, Bankruptcy Case No. 19-40193-JMM (Bankr. D. Idaho Feb. 13, 2020); In re Lundy, No. 15-32271 (Bankr. N.D. Ohio Sept. 29, 2017) (2017 WL 4404271); In re Littrell, No. 12-01510-LT13 (Bankr. S.D. Cal. Feb. 7, 2014) (summary order agreeing with conclusion reached in Acevedo); In re Lewis, 346 B.R. 89, 102 n. 17 (Bankr. E.D. Penn. 2006); In re Weatherspoon, No. 11-46755-BDL (Bankr. W.D. Wash. Jan. 3, 2014).

**B. The Trustee's Interpretation Of Section 586 Conflicts With The Language In Section 1326.**

Reading these two provisions together, § 586(e) specifies how the fee is collected while § 1326(a) governs when the fee must be returned to the debtor. When a Chapter 13 case is dismissed prior to confirmation of a plan, § 1326(a) requires the return of the collected percentage fee.

The Trustee's reliance on Nardello is misplaced, and its facts are distinguishable from those of the case at bar. Nardello involved a Chapter 13 case in which the debtor proposed a plan that included two sources of payments — monthly payments and monies received from the sale of his yacht. Nardello, 514 B.R. at 115. The debtor's plan was never confirmed, and the case was voluntarily dismissed. Id. at 107. Before the case was dismissed, the court had authorized the sale of real estate co-owned by the debtor and two non-debtors and ordered the trustee to hold the proceeds of the sale pending further order of the court. Id. at 106. The trustee paid the co-owners their share and, on dismissal, disbursed the proceeds remaining to the debtor, less a 6.6 percentage fee on all payments received by the trustee, including the portion of the proceeds of the sale that belonged to the co-owners. Id. at 107. The District Court found that the standing trustee was entitled to his percentage fee because he was required to hold the sale proceeds from the property pre-confirmation even though [the] proceeds were not contemplated in Debtor's initial plan. Had he not been required to hold the sale proceeds, there would be no justification for the percentage fee sought." Id. at 116 n. 2.

In the instant case, the facts are similar to those presented in the Acevedo case. In that case, the debtors filed a chapter 13 bankruptcy petition, made payments to the trustee pursuant to the plan, but the plan was never confirmed. 497 B.R. at 114-15. There were no sale proceeds held by the Trustee or disbursements made, only payments to the Trustee pursuant to, and contemplated by, the plan pre-confirmation. The debtor did not consent to any disbursements by the trustee prior to confirmation.[5] Additionally, the

---

[5] In the instant case, Debtor sought return of his statutory plan payments of $29,900 to the Trustee. The case was dismissed on March 6, 2020. On or about March 27, 2020, the Colorado Department of Revenue served the Trustee with a Warrant for Distraint in the total amount of

3

Trustee was not required to disburse any creditor payments like the trustee in Nardello prior to plan confirmation. Thus, Nardello is not on point. *See* In re Evans, *20.

In Acevedo, the court found that the first sentence of 28 U.S.C. § 586(e)(2)[23] can be construed in at least three ways: mandatory - Trustee collects percentage fees from all payments received, including payments to himself or UST System Fund even in cases where no plan is confirmed; collect and hold - Trustee collects and holds fees until confirmation; and responsibility and source - Trustee responsible for collecting percentage fees and identifies plan payments received as sole source for collection." In re Acevedo, 497 B.R. at 122.

The Trustee asserts that § 1326 can be read in harmony with § 586(e)(2) by construing § 1326(a)(2) to require the trustee to return to the debtor only those payments made to the trustee for distribution to creditors (less payment of administrative expenses), but not to require return of the trustee's percentage fee in unconfirmed cases. Response, p. 8.

The Trustee's "mandatory payment" interpretation of § 586(e)(2), however, creates a conflict with § 1326 because it requires the Trustee to collect and retain the percentage fee (or to pay any surplus to the UST System Fund) in the face of § 1326(a)(2)'s directive to return payments to the debtor if a plan is not confirmed. See In re Acevedo, 497 B.R. at 122.

To avoid this conflict, the best, most harmonious reading of the two statutes is that § 586(e)(2) directs the trustee to collect and hold the percentage fees pending plan confirmation, while § 1326(a)(2) tells the trustee when and how to disburse payments after confirmation or denial of confirmation, including the trustee's percentage fee. Id.[6]

The Trustee argues, "even the court in Acevedo conceded that it was engaging in `a somewhat unnatural reading' of section 586(e)(2)'" (quoting In re Acevedo, 497 B.R. at 124). However, it is important to consider the full context of that quotation. The

---

$13,424.00. After discussions with the Trustee, the Debtor accepted payment of $19,800 from the Trustee and payment of $7,505.30 was made to CDR. See Response, p. 3 n. 2. Notwithstanding this consent, the Trustee was not required to disburse any creditor payments, similar to those in Nardello, prior to plan confirmation. See In re Evans, *20.

[6] In Acevedo, the Court noted that this apparent conflict arose as a result of the changes to § 1326 in 1984, which added subsection (a)(2). When the Bankruptcy Code was enacted in 1978, the legislative history stated in part: "If a private standing trustee serves, his fee is fixed by the Attorney General under proposed 28 U.S.C. § 586(e), and it will be payable under proposed 11 U.S.C. 1326(a)(2)." House Report No. 95-595, 1978 U.S.C.C.A.N. 5963, 6284. Before 1984, it appears that the general practice was that debtors' monthly plan payments to the trustee started on confirmation. Thus, 28 U.S.C. § 586 did not conflict with 11 U.S.C. § 1326 because a standing Chapter 13 trustee typically would not receive plan payments until confirmation, and then would pay the trustee's percentage fee before making payments called for in the confirmed plan. In re Acevedo, 497 B.R. at 122 n. 24.

Acevedo court goes on to say, in the very next sentence, "[t]he only alternative, however, is a substantially less natural reading of § 1326(a)." Id. at 124-25; In re Evans, *21.

The correct interpretation falls in line with the reasoning of Acevedo, Dickens, and Lundy. Section 586(e) (2) directs the trustee to collect and hold the payments pending plan confirmation and the source from which to collect the percentage fee, while § 1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation. Accordingly, the trustee must hold the payments in his possession until confirmation or denial of confirmation. If a chapter 13 case is dismissed pre-confirmation, as in this case, the trustee must return any such payments not previously paid and not yet due and owing to creditors to the debtor, including the trustee's percentage fee. In re Evans, *23-24.

### C.     The Court Need Not Defer To The US Trustee Handbook.

The Trustee argues that if § 586(e) is ambiguous, then the Court should defer to the Handbook for Chapter 13 Trustees (rev. October 1, 2012) ("Handbook"). Response, p. 7. *See* BDT Farms, Inc., *supra*, 21 F.3d 1023, *citing* Chevron, USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

 In BDT Farms, the Tenth Circuit held that the US Trustee's interpretation was reasonable, although it did so "essentially without analysis." In re Turner, 168 B.R. 882, 885 (Bankr.W.D.Tex.1994). In Turner, the court believed that the Tenth Circuit "[i]n apparent frustration ... simply elected to defer to the United State Trustee's proffered interpretation of section 586(e)." Id.

The Handbook is issued by the Executive Office for United States Trustees of the United States Department of Justice, which appoints and supervises standing trustees.[7] Chapter two, section D, entitled "Calculation and Collection of Percentage Fee," provides in pertinent part:

> The percentage fee is collected from all payments received by the standing trustee under the plan, including mortgage payments. 28 U.S.C. § 586(e)(2). . . . The standing trustee is authorized to collect the percentage fee upon receipt of the payment.

Handbook, p. 2-3 - 2-4.

Significantly, the Trustee disregards another provision of the Handbook, which provides:

---

[7] The court may take judicial notice of the contents of the Handbook, which is publicly available at https://www.justice.gov/ust/private-trusteehandbooks-reference-materials/chapter-13-handbooks-reference-materials. *See* Fed. R. Evid. 201; Fed. R. Bankr. P. 9017.

5

> [i[f the plan is dismissed or converted prior to confirmation, the standing trustee **must reverse payment of the percentage fee that had been collected upon receipt if there is controlling law in the district requiring such reversal**. . . .

Id. at 2-4 (emphasis added).

Similarly, the Trustee ignores another provision of the Handbook in Chapter 3, section H (entitled "Disbursements"), paragraph 1 (entitled "Monthly Disbursements"), which provides:

> **The standing trustee must retain debtor payments of amounts proposed by the plan until confirmation**, unless otherwise ordered by the court or required by law or local rule. If the plan is confirmed, the standing trustee must distribute such payments in accordance with the plan as soon as practicable. . . . **If the case is dismissed or converted pre-confirmation, the standing trustee must distribute or return funds as required by 11 U.S.C. § 1326(a)(2)** . . . . See also Chapter 2, section D, Calculation and Collection of Percentage Fee.

Id. at 3-36 (emphasis added).

The Trustee argues that the US Trustee's policy of permitting the collection of the percentage fee upon receipt is not manifestly contrary to the statute; rather, it is a natural reading of the statute. Response, p. 7.

To the contrary--the Handbook requires the reversal of payments retained pre-confirmation if the case is dismissed in jurisdictions that recognize such a requirement. Later, the Handbook requires reversal of the payments if the case is dismissed or converted pre-confirmation pursuant to § 1326(a)(2), and then refers the reader back to the provision that requires the reversal if the case is dismissed in jurisdictions that recognize such a requirement. See In re Evans, at *16.

The Handbook seemingly allows the Trustee to keep the percentage fee in some cases, but must return the percentage fee in other cases, depending on the district where the debtor is located. This policy is in direct contradiction to provide uniform nationwide standards in administering bankruptcy cases. Pelofsky v. Wallace, 102 F.3d 350, 356 n. 7 (8th Cir. 1996) (deference does not permit abdication of the judicial responsibility to determine whether the challenged [action] is contrary to statute, ... devoid of administrative authority[,]" or is otherwise unreasonable).

The Handbook, then, plays into those jurisdictions—a clear minority—that allow retention of the fee in dismissed and unconfirmed cases. As the Handbook is manifestly contrary to the express language set forth in the Bankruptcy Code, it is not entitled to any deference whatsoever because the US Trustee's interpretation is unreasonable and does not comport with its statutory authority. See Bolen v. Dengel, 340 F.3d 300, 306 (5th Cir.

2003) where the court did not give the United States Trustee's Chapter 12 Handbook Chevron deference. ("As the EOUST Handbook qualifies as a policy statement, agency manual, or enforcement guideline, this Court cannot give it Chevron-style deference."). Id. at 310; see also, In re Acevedo, 497 B.R. at n. 19 ([U.S. Trustee] is not charged with administering § 1326, which is part of the Bankruptcy Code; consequently, the UST's interpretation of § 1326 is not entitled to Chevron deference.").

Because there is no local precedent or law on this issue, the Handbook is not conclusive, and, in any event, is not binding upon this Court. *See* In re Evans, at \*16.

## II. SECTION 1326 REQUIRES THE TRUSTEE TO REFUND ALL PAYMENTS TO THE DEBTOR UPON DISMISSAL OF A CHAPTER 13 CASE.

The Trustee argues that § 1326 is focused on payments to creditors: "any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3)". Since the standing trustee is not a creditor; the Trustee argues that provision does not apply to the trustee's percentage fee. Response, p. 8.

The Trustee's argument is difficult to comprehend. The BAPCPA amendments added the language "payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3)." "A leading bankruptcy treatise, interprets the new provision as requiring the Trustee, if an order has been entered, to deduct any unpaid adequate protection payments that are due and owing to creditors under § 1326(a)(3) before refunding the remaining sums to the debtor." In re Hampton, 383 B.R. 560, 562-563 (Bankr. S.D. Ga. 2008) *citing* 8 Lawrence P. King, Collier on Bankruptcy ¶ 1326.02[2][c], at 1326-12 (15th ed. 563\*563 rev.2007).

"Section 1326(a)(3) permits the court, after notice and a hearing, to modify, increase, or reduce the payments required under section 1326(a), which would include payments to the trustee, payments to personal property lessors, or adequate protection payments to holders of allowed claims secured by personal property." In re Fernandez, 441 B.R. 84, 95 n. 17 (Bankr. S.D. Tex. 2010) (Court agrees that the payments referenced in (a)(3) are, in fact, adequate protection payments), *aff'd* No. 07-35173, 2011 WL 1404891 (S.D. Tex. Apr. 13, 2011), *aff'd* 478 Fed.Appx 138 (5th Cir. 2012) (unpublished) *citing* Collier On Bankruptcy, 8-1326 at 1326.02 (16th Ed.2015).

Under § 1326(a)(3),[3] the court after notice and hearing may modify the payments Debtor is making to the Trustee under § 1326(a) which include adequate protection payments." In re Hampton, 383 B.R. at 562-563; In re Acosta, Case No. 14-5704 EAG (July 3, 2018) (Bankr. D. Puerto Rico 2018) (the plain and unambiguous language of section 1326(a)(2) specifically governs the disposition of chapter 13 plan payments, and that it clearly provides that the funds, minus adequate protection payments and administrative claims, should be returned to debtors," *citing* In re Inyamah, 378 B.R. 183, 185 (Bankr. S.D. Ohio 2007).

Section 1326(a)(2) plainly states that when the bankruptcy court does not confirm a plan, the Chapter 13 trustee "shall return" post-petition payments to the debtor. 11 U.S.C. § 1326(a)(2). Congress has carved out an exception to this clear rule only for "payments not previously paid and not yet due and owing to creditors" under § 1326(a)(3) and after deducting "any unpaid claim allowed under section 503(b)." Dept. of Social Services v. Webb, 908 F. 3d 941, 944 (4th Cir. 2018). Neither of these exceptions apply in this case.

The Trustee's fee should be returned to the Debtor because the funds do not come within one of the two exceptions specified in § 1326(a)(2) - not an administrative expense claim within 503(b), and not a "payment not previously paid and not yet due and owing to creditors" pursuant to § 1326(a)(3). In re Kirk, 537 B.R. 856, 862 (Bankr. N.D. Ohio 2015); see also, In re Parker, 400 B.R. 55, 60 (Bankr. E.D. Pa. 2009); In re Clements, 495 B.R. 74, 81-82 (Bankr. E.D. Pa. 2013); In re Dubose, 555 B.R. 41, 46 (Bankr. M.D. Ala. 2016).

### A. Section 1326(a)(2) Refers to All of the Debtor's Plan Payments to the Trustee, Not Only the Portion for Distribution to Creditors.

The trustee takes the position that the phrase "proposed by the plan" only includes that portion of the Debtor's payments to the standing trustee allocated for ultimate distribution to creditors. The Trustee argues that payment of the percentage fee is mandatory and fixed by § 586(e). Because the percentage fee must always be paid, the trustee reasons that the fee is not "proposed" by the plan. Response, p. 6, 8.

In cases where no plan is confirmed, whether § 1326(a)(2) allows the trustee to retain the trustee's fee depends on the meaning of "payments ... in the amount... proposed by the plan to the trustee." 11 U.S.C. § 1326(a)(1)(A). If the payment described in § 1326(a)(1)(A) includes trustee's fees, then under § 1326(a)(2) the trustee would not be entitled to retain the fees in unconfirmed cases.

Section 1326 refers to two types of payments. First, the debtor makes plan payments to the trustee. See 11 U.S.C. § 1326(a)(1)(A) (providing that the debtor make "payments ... in the amount ... proposed by the plan to the trustee") Then, when the plan is confirmed the trustee takes those payments, deducts his fee, pays administrative claims, and pays pre-petition creditors in accordance with the terms of the plan. See § 1326(a)(2), (b) and (c).[8]

Debtor's argument is that the percentage fee is "proposed" when formulating a Chapter 13 plan and is therefore included in the phrase "amount . . . proposed by the plan" under § 1326(a)(1)(A). He urges the Court to adopt the reasoning stated in In re Acevedo,

---

[8] The payment to creditors could include adequate protection payments. See Local Bankruptcy Rule 2083-1(a.

497 B.R. 112 (Bankr. D.N.M. 2013), an *en banc* decision supporting his position. See also, In re Dickens, 513 B.R. at 913.

The Trustee is tied to the first sentence in § 586(e)(2), providing that standing trustees ". . . shall collect such percentage fee from all payments received . . . under plans" in Chapter 13 cases. He argues: (1) "plans" includes both confirmed and unconfirmed plans; (2) "collect" means to "obtain payment"; and (3) payment of the percentage fee is irrevocable and cannot be returned to the debtor. The word "plans" in § 586(a)(3)(C) must include plans that are not confirmed. Id. at 911. Likewise, § 586(a)(3)(B) cross-references provisions governing Chapter 11 plans that are not confirmed. Therefore, the term "plans" in § 586(a)(3)(B) must also include plans that are not confirmed. Id.

The court also finds the interpretation in Nardello to be a strained reading of § 1326(b). This court finds reference to "*each* payment to creditors under the plan" clearly suggests more than one payment to creditors and is a reference to periodic payments due to creditors under a confirmed Chapter 13 plan. *Cf.* In re DeSardi, 340 B.R. 790, 809 (Bankr. S.D. Tex. 2006) ("`[P]ayment to creditors under the plan' refers to periodic partial payments on claims."). In re Lundy, *11.

### 1. The percentage fee collected by the standing trustee is an "amount . . . proposed by the plan" under 1326(a)(1)(a).

The Trustee argues that the Trustee's percentage fee does not fall within the scope of § 1326(a)(2), as it is not a payment "proposed by a plan", as required under 11 U.S.C. § 1326(a)(1)(A). Response, p. 8. Since the Trustee's percentage fee is not mentioned in either section 1322 or 1325, which address permissive plan treatments and mandatory plan requirements, the Trustee's fee is a statutory payment required under 28 U.S.C. § 586(e). Response, p. 8.

Even Nardello disagrees with this argument (i.e., the Handbook makes clear that "payments received" includes amounts intended for the percentage fee and forms the basis for calculating the percentage fee.). In re Nardello, 514 B.R. at 111.

In Dickens, the Court also disagreed with the trustee's interpretation in that case. 513 B.R. at 913. The Court "finds that the ordinary and natural meaning of the phrase `the amount proposed by the plan to the trustee' is whatever amount will be paid to the trustee under the plan," which includes the percentage fee. Id. *citing* In re Acevedo, *497 B.R.* at 119; *see also* In re Turner, 168 B.R. at 889 ("The payments under the plan must include a component for the trustee's percentage fee, because the trustee is required to deduct this fee from `payments received.'"(*citing* 28 U.S.C. § 586(e) and 11 U.S.C. § 1326(b).

In Dickens, the Court found that Acevedo's interpretation of "amount proposed by the plan to the trustee" under § 1326(a)(1)(A) made sense. 513 B.R. at 913. The Court recognized that "[a] debtor's plan ordinarily proposes monthly lump sum payments to the

9

trustee for the term of the plan," which is the practice in the Eastern District of Arkansas. Id. at 119,

Similarly, in Colorado, the percentage fee is part and parcel of the monthly payments made to the Trustee. The fee is included in the monthly lump sum payment written down in the blank space provided for in the model plan used by debtors, including the one in this case. If the monthly payments do not cover the percentage fee, the Trustee will object to the plan. This fact, coupled with the reasoning of Acevedo, leads to the conclusion that the percentage fee is included and described by the statute as an "amount proposed by the plan to the trustee" under § 1326(a)(1), which must be returned to the debtor when a plan is not confirmed in accordance with subsection (a)(2).

What the trustee must do with those payments is set forth in § 1326(a)(2) — the payment, which includes the amount of the trustee's percentage fee, "shall be retained by the trustee until confirmation or denial of confirmation." If a plan is confirmed, "the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." And if a plan is not confirmed, "the trustee shall return any such payments. . .to the debtor" after deducting allowed administrative expenses. 11 U.S.C. § 1326(a)(2).

The term "payment" in § 1326(a)(2) refers to the payment "made under paragraph (1)(A)," which, again, includes the amount of the trustee's percentage fee. Thus, if a plan is not confirmed, the plain language of § 1326(a)(2) requires by use of the word "shall" that a standing Chapter 13 trustee return the payments that she has received to the debtor, including any amount representing her percentage fee. In re Lundy, at *10-11.

In summary, § 586(e)(2) specifies the source from which the trustee is to collect the percentage fee while § 1326(a) addresses the circumstances under which the trustee must return the collected fee to the debtor. If a case is dismissed prior to the confirmation of a plan, § 1326(a)(2) requires the trustee to return the collected percentage fee to the debtor.

The Trustee argues that he should be paid for distributions made "under" or "pursuant to" unconfirmed plans. This argument is also misplaced --Chapter 13 Trustees are never permitted to make disbursements under unconfirmed plans. In re Crespin, at *4. See § 1326(a)(2). Instead, he must retain all money received from the debtors "until confirmation or denial of confirmation." Id. Were he allowed to make payments under unconfirmed plans, he could not comply with § 1326(a)(2), which requires the return of all funds to the debtor if a plan is not confirmed. After plan confirmation, the trustee is to begin disbursements under the plan "as soon as is practicable." Id. The trustee begins earning his percentage fees when the post-confirmation distributions begin. § 1326(b)(2). Id. at. *5.

> 2. **Chapter 13 trustee must collect and hold the percentage fee from all payments received.**

The <u>Acevedo</u> court's construction is consistent with the second definition of "collect." Reading § 586(e)(2) together with § 1326(a)(2)'s directive to return payments to the debtor if a plan is not confirmed, the court construed the term "collect" to mean "to collect and hold the percentage fees pending plan confirmation, while § 1326(a)(2) tells the trustee when and how to disburse payments after confirmation or denial of confirmation, including the trustee's percentage fee." <u>Acevedo</u>, 497 B.R. at 122.

In <u>Lundy</u>, the Court agreed with the <u>Acevedo</u> court's more persuasive construction. Construing "collect" to mean that the trustee receives or just obtains payment of the percentage fee conflicts with the requirement under § 1326(a)(2) that payments made to the trustee under § 1326(a)(1)(A) be retained by the trustee until confirmation or denial of confirmation. The <u>Acevedo</u> court's "collect and hold" construction, on the other hand, is consistent with that requirement. Therefore, the first sentence of § 586(e)(2) requires a standing Chapter 13 trustee to collect and hold the percentage fee from all payments received under confirmed and unconfirmed plans. <u>In re Lundy</u>, *12-13.

> 3. **The trustee's percentage fee is not irrevocable.**

In his Response, the Trustee points out that some courts look to "collect" in § 586(e)(2) and equate that word to merely being "held," such that it can still be returned to the debtor. Response, p. 9 *citing* <u>In re Acevedo</u>, 497 B.R. at 122. The Trustee argues that such a reading of the word is not natural and is contrary to its interpretation by the Supreme Court and even within the Bankruptcy Code itself. Response, p. 9, n. 19.

To the contrary, the reading of the word to include being "held" is natural and is not contrary to the Supreme Court holding in <u>Heintz</u> nor is it contrary to the Bankruptcy Code. <u>Heintz</u> used the dictionary term - as did <u>Acevedo</u> in arriving at an interpretation of "collect". <u>Heintz v. Jenkins</u>, 514 U.S. 291, 294 (1995) (relying on <u>Black's Law Dictionary</u> 263 (6th ed. 1990) that "[t]o collect a debt or claim is to obtain payment or liquidation of it.").

The Trustee also argues that he does not have to return the fees in a dismissed case because the funds have already been "paid" to the Trustee. Response, p. 9. He argues that the fees collected by a Chapter 13 trustee are not considered as undistributed funds once a case is dismissed because the funds were transferred into the trustee's expense account and used to pay actual, necessary expenses of the operation. When the standing trustee obtains payment of the percentage fee, the fee cannot be returned to the Debtor. Response, p. 9. In other words, to "collect" a percentage fee under § 586(e)(2) is to obtain an irrevocable payment.

This argument was specifically rejected in <u>Dickens</u>. 513 B.R. at 911. Nothing in the definition of "collect" advanced by the Trustee mandates a view that collection of a

11

percentage fee is irrevocable and forever vests in the standing trustee. Id. *citing*, In re Acevedo, 497 B.R. at 122 (positing "at least three ways" to construe the first sentence in § 586(e)(2)). In Dickens, the court concluded that § 1326(a)(2) sets forth the circumstances under which the trustee must return the collected fee to the debtor. 513 B.R. at 914.

As evidence that payment of the percentage fee is revocable, the court noted that section 1226(a)(2) provides that where a chapter 12 case is dismissed prior to confirmation the trustee may retain his percentage fee. If retention of that fee were irrevocable under section 586(e)(2), there would be no need for section 1226(a)(2). Id. at 912.

Moreover, the trustees' interpretation is also at odds with the Trustee's duty to pay into the United States Trustee Program fund any collected fees during the fiscal year that put her over the cap of § 586(e)(2)(A). Furthermore, the trustees' interpretation of § 586(e)(2), a provision applicable to Chapter 12 cases, makes 11 U.S.C. § 1226(a)(2) superfluous. The trustees' construction of § 586(e)(2) makes § 1226(a)(2) unnecessary, and Courts are generally obliged not to construe statutes in such a manner.

### III. A COMPARISON OF § 1226 WITH § 1326 SUPPORTS THE DEBTOR'S POSITION THAT THE TRUSTEE MUST REFUND ALL PAYMENTS MADE BY THE DEBTOR IN AN UNCOMFIRMED CASE.

Section 1326(a), provides, in pertinent part:

> (a) . . . If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. 1326(a).

In order to construe the meaning of this statute, it is important to consider the parallel provision in chapter 12. Section 1226(a), provides, in pertinent part:

> (a) . . . If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting—
>
> (1) any unpaid claim allowed under section 503(b) of this title; and
> (**2) if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.**

11 U.S.C. § 1226(a) (emphasis added).

The difference in the two sections is that § 1226(a)(2) expressly allows for a trustee to deduct the percentage fee in unconfirmed cases while § 1326(a)(2) does not.

The Trustee argues in conclusory fashion that the Trustee's fee is outside the scope of 1326(a)(2), but falls within the broader scope of 1226(a) because the fee comprises "all payments and funds received by the Trustee and not just payments to the Trustee "proposed by the plan." Response, p. 8, 13. As shown above, this argument fails because the Trustee's percentage fee falls within the scope of 1326(a)(2). See Reply, *infra*, p. 10.

A leading bankruptcy treatise states "the authority granted to the standing chapter 12 trustee to deduct a percentage fee is unique to chapter 12. When a chapter 13 plan is denied confirmation, a standing chapter 13 trustee is authorized to pay unpaid administrative claims but is not authorized to deduct the standing trustee's percentage fee." 8 Collier on Bankruptcy ¶ 1226.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).

When section 1226(a) was enacted in 1986, Congress also amended section 1326. Congress could have provided for allowance of a standing trustee's percentage fee in cases where a plan is not confirmed but it chose not to make such a change. In re Lundy, at *13. (internal citations omitted).

The Trustee also argues that the difference in timing and the requirements about making preconfirmation payments explains why a debtor must still pay the Trustee's fee in a Chapter 12 case but not in a Chapter 13 case. Response, p. 13-14. A similar argument was made and rejected in Evans.

The provisions of chapter 13 *requires* debtors to commence making payments within 30 days of filing the plan. 11 U.S.C. 1326(a)(1). This obligation is accompanied by a subsequent provision that requires the trustee to disgorge all payments received pursuant to that plan if the plan is not confirmed and the case is dismissed. The provisions of chapter 12, on the other hand, *do not require* a debtor to make payments pre-confirmation. Yet, § 1226(b)(2) expressly allows the trustee to deduct a fee on payments made preconfirmation even if a case is dismissed.

Section 1326(b) requires the trustee to pay the trustee's percentage fee before or at the time of each payment to creditors under the plan. But section 1326(a)(2) only allows the trustee to pay creditors after a plan is confirmed. If the trustee cannot pay creditors until a plan is confirmed, then § 1326(b) is not operative until a plan is in effect. *See* In re Rivera, 268 B.R. at 294.

Sections § 1226(b)(2) and § 1326(b)(2) contain almost identical language. While § 1226(a)(2) expressly allows a trustee to deduct a percentage fee in unconfirmed cases, § 1326(b)(2) is inoperative until a plan is in effect. If § 1326(b)(2) allows the Trustee's fees to be paid regardless of whether a plan is confirmed, then § 1226(a)(2) would be superfluous and have no operative meaning. The Court, therefore, cannot find that § 1326(b)(2) permits trustee fees to be paid regardless of whether a plan is confirmed. Such an interpretation gives operative effect to each statute: § 586(e)(2) directs the trustee to collect and hold the payments pending plan confirmation, while § 1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation, including the trustee's percentage fee. In re Evans, at *9, *11.

13

### IV. PUBLIC POLICY CONSIDERATIONS SUPPORT THE CONCLUSION THAT THE TRUSTEE IS NOT ENTITLED TO A STATUTORY FEE.

The Trustee argues that public policy further supports retention of the trustee's percentage fee in a case dismissed before confirmation. Response, p. 14-16.

First, the Trustee argues that the Debtor has enjoyed the benefits of the automatic stay for two years. In <u>Dickens,</u> the Court found the Trustee's concern that Debtor's would be encouraged to file cases merely to obtain the benefits of the automatic stay to be unfounded given the cost debtors must first bear to file bankruptcy and the current checks in place to prevent abuse of the bankruptcy system. *See, e.g.,* 11 U.S.C. §§ 362(d)(1) (providing relief from stay "for cause"). <u>In re Dickens</u>, 513 B.R. at 915.

Second, the Trustee argues that creditors in cases with a confirmed plan would shoulder the Trustee's expenses through a higher percentage fee. In <u>Evans</u>, the Court was unpersuaded by this argument. There is no cumulative fee that is shared by all debtors under both confirmed and unconfirmed plans. Fees described under § 586(e) are attributable to each individual case. Therefore, the debtors whose plans are unconfirmed will not bear the cost of the case administration for those cases that are dismissed prior to plan confirmation. <u>In re Evans</u>, at p. 7.

Third, the Trustee has a multitude of mandatory responsibilities in every case and should not have to work for free in unconfirmed cases. Response, p. 15-16. The substantiality of the Trustee's work and its importance to the administration of Chapter 13 cases is not in dispute. However, the percentage fees collected in cases that were dismissed or converted prior to confirmation is "insignificant" compared to the total revenues of the Trustee's office. See <u>In re Dickens</u>, 513 B.R. at 916 n. 8 (administrator testified that for 2012, the total amount of percentage fees the Trustee's office deducted in cases that were dismissed or converted prior to confirmation of a plan was approximately $19,500. By comparison, the amount of fees the office deducted in confirmed cases for the last fiscal year (October 2012 to September 2013) was approximately $2,672,000.)

**Debtor believes that Congress conditioned a chapter 13 trustee's percentage fee on the confirmation of a plan to motivate the trustee to assist debtors in achieving confirmation.** See <u>In re Evans</u>, at *18. The chapter 13 case confirmation process is laborious for all parties, and the Trustee in his role can either facilitate confirmation or hinder the process by filing numerous objections over picayune matters or issues. Undersigned counsel has practiced consumer bankruptcy law for more than three decades, and worked with five Chapter 13 trustees.[9] It has been the experience of this attorney that Mr. Goodman's office files an inordinate and excessive number of

---

[9] Those former and present trustees include Delores Kopel, Janet McFarlane, Sally Zeman, Doug Kiel and Adam Goodman.

14

objections to confirmation. It is fair to say Congress intended that the Chapter 13 system is intended to give honest and hard-working debtors an opportunity to reorganize their financial affairs. Congress incentivizes a trustee's commitment to the spirit of reorganization by providing compensation when a case is confirmed—not dismissed, pre-confirmation.

The policy change requested by the trustees is a matter left for Congress to decide. Policy cannot trump the Court's duty to apply the statutory language of the Bankruptcy Code. In re Dickens, 531 B.R. at 916. The foremost responsibility for the Court is to interpret the statute in question. The Court must rely on the text of the statute, and its interpretation thereof, and not decide the matter based on conflicting public policy arguments. In re Evans, p. 7.

Chapter 13 is a voluntary process that is meant to benefit debtors and creditors alike. Section 1326(a)(2) furthers this purpose by returning the funds to the debtor and refusing to penalize the debtor for entering this voluntary proceeding. VA Dept of Social Services v. Beskin, 581 B.R. 162, 166 (D. W.D. Va. 2017).

### V.  CONCLUSION.

The correct interpretation falls in line with the reasoning of Acevedo, Dickens, Lundy, and Evans. Section 586(e)(2) directs the trustee to collect and hold the payments pending plan confirmation and the source from which to collect the percentage fee, while § 1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation. Accordingly, the trustee must hold the payments in his possession until confirmation or denial of confirmation. If a chapter 13 case is dismissed pre-confirmation, as in this case, the trustee must return any such payments not previously paid and not yet due and owing to creditors to the debtor, including the trustee's percentage fee. The Trustee should amend his final report and accounting.

Respectfully submitted,

Dated: July 23, 2020            **BERKEN CLOYES, P.C.**

By: /s/ Stephen E. Berken
Stephen E. Berken, #14926
Sean Cloyes, Reg. #33381
Thomas Mathiowetz, Reg. #26841
Attorneys for Debtor Daniel Richard Doll
1159 Delaware Street
Denver, Colorado 80204
Telephone: 303-632-4357
Fax: 720-554-7853
E-mail: stephenberkenlaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **DEBTOR'S REPLY TO TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO DISGORGE TRUSTEE'S FEES** was served by placing the same in the United States Mail, first class postage pre-paid on July 23, 2020 or sent via the Court's electronic filing system/ecf, to the following:

Chapter 13 Trustee
Adam M. Goodman
P.O. Box 1169
Denver, CO 80201-1169

Charles H. Willman
811 Blake Ave
Glenwood Springs, CO 81601-3423

Diana A. Ray
811 Blake Ave
Glenwood Springs, CO 81621

Daniel Doll
1366 West Spruce Court
Rifle, CO 81650

US Trustee
1961 Stout St #12-200
Denver, CO 80294

/s/Sean Cloyes