## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | Chapter 13 |
| DANIEL RICHARD DOLL, | Case No.: 17-20831 MER |
| Debtor. | |

## DEBTOR'S MOTION FOR DIRECT APPEAL TO THE TENTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 158(D)(2)(B)(I) and FED. R. BANKR. P. 8006(E)

COMES NOW, the Debtor, by and through undersigned counsel, and hereby submits his motion for direct appeal to the Tenth Circuit Court of Appeals regarding the final order of February 19, 2021, and represents the following:

1. Debtor filed for relief under Chapter 13 on November 20, 2017 (docket no. 1).
2. Debtor filed three proposed plans (docket nos. 2, 42 and 69). Chapter 13 Trustee ("Trustee") filed four objections to confirmation (docket nos. 15, 31, 47, 83).
3. The case was dismissed on March 6, 2020 (docket no. 146).
4. On June 2, 2020, Debtor filed a motion to disgorge the trustee's receipt of $2596.70, representing the fee held by the trustee from payments received in the dismissed case.
5. On February 19, 2021, the court entered an order denying the requested relief.

## ARGUMENT

The order of February 19, 2021 focuses on the 10th Circuit opinion in *In re BDT Farms*, Inc., 21 F.3d 1019 (10th Cir. 1994). As this court notes in its Order:

> The Tenth Circuit rejected the proposition this question can be resolved by application of the plain unambiguous language of the statutes. Instead, the court stated '[w]e can only conclude that § 586(e) is ambiguous.' [Footnote omitted.] Thus, the Tenth Circuit concluded '[w]hether Congress intended to allow the standing trustee to, in effect, collect a fee on his or her fee, or intended to limit the trustee's fee to a percentage of disbursements, is not clear from the statutory language, the larger statutory context, or the legislative history.' [Footnote omitted.]

*See, Order of February 19, 2021*, docket number 185, p. 9.

Debtor has the sense that this court's "hands are tied" with the direction offered by the court in *BDT Farms*. And thus, the "Chevron deference" is employed by this court as to the matter at hand.

As to the issue of a trustee's percentage fee, Debtor struggles a bit how and why the 10th Circuit believed Congress gave the Office of the United States Trustee ("EOUST") authority to speak

with the force of law?  In fact, the EOUST does not promulgate substantive rulemaking. Generally, it is the courts that create the rules and adjudicate them --something unique to the bankruptcy system.  In the case of *Pelofsky v. Wallace*, 102 F.3d 350 (8th Cir. 1996), addressing the issue of a trustee's fee in a chapter 12 case, the 8th Circuit breaks from the 10th Circuit. "However, unlike the Tenth Circuit, we do not accord the UST *Chevron* deference."  *Id.*, at 355.

Generally, interpretive guidance documents that are not promulgated through notice and comment or other formal rulemaking are not entitled to the strongest form of deference (known as "*Chevron* 3 deference" based on the case of *Chevron U.S.A. v. National Resources Defense Council).*  See *Christensen v. Harris Cty.,* 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant Chevron-style deference.").

28 U.S.C. § 158(d)(2)(A) provides:

> (2) (A)The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii)
> an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A)(i)-(iii).

Applying the statute to the case at bar, the Debtor is a party to the order of February 19, 2021. The 10th Circuit has not ruled as to the question presented to this court.  The consequences whether the trustee may retain fees in unconfirmed and dismissed cases have implications as to a multitude of cases in this district.  Peripherally, there are conflicting opinions between the Circuit courts as to the application of the *Chevron deference* in the context of a trustee's percentage fee. Further, this court has standing, on its own motion, to issue a certification of direct appeal to the 10th Circuit Court of Appeals.

Finally, Debtor requests that the time for filing an appeal to the U.S. District Court, or to the Bankruptcy Appellate Panel, be stayed pending a ruling on this motion.

WHEREFORE, for the foregoing reasons, Debtor respectfully requests that this court, either grant Debtor's motion for certification of direct appeal to the Tenth Circuit Court of Appeals, or by way of its own motion, grant the same, and for any other relief this court deems just and fair.

DATED this 24th day of February 2021.

Respectfully Submitted,
BERKEN CLOYES, P.C.


*/s/ Stephen Berken*
Stephen E. Berken, Atty. Reg. No. 14926
1159 Delaware Street
Denver, Colorado 80204
Tel.: (303) 623-4357
Fax: (720) 554-7853
E-mail: stephenberkenlaw@gmail.com
*Attorney for Debtor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **DEBTOR'S MOTION FOR DIRECT APPEAL THE 10TH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 158(D)(2)(B)(I) AND FED. R. BANKR. P. 8006(E)** and proposed **Order** were served by placing the same in the United States Mail, first class postage pre-paid on February 24, 2021 or sent via the Court's electronic filing system/ecf, to the following:

Chapter 13 Trustee
Adam M. Goodman
P.O. Box 1169
Denver, CO 80201-1169

Charles H. Willman
811 Blake Ave
Glenwood Springs, CO 81601-3423

Diana A. Ray
811 Blake Ave
Glenwood Springs, CO 81621

Daniel Doll
1366 West Spruce Court
Rifle, CO 81650

US Trustee
1961 Stout St #12-200
Denver, CO 80294

*/s/Sean Cloyes*