Official Form 424 (12/15)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>DANIEL RICHARD DOLL,<br><br>Debtor. | Chapter 13<br><br>Case No.: 17-20831 MER |

## Certification to Court of Appeals by Debtor-Appellant Daniel Doll

A notice of appeal having been filed in the above-styled matter on March 5, 2021, Daniel Richard Doll, who is the sole appellant, hereby certifies to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified in 28 U.S.C. § 158(d)(2) exists as stated below.

Leave to appeal in this matter:

- ☒ is required under 28 U.S.C. § 158(a)
- ☐ is not required under 28 U.S.C. § 158(a).

This certification arises in an appeal from a final judgment, order, or decree of the United States Bankruptcy Court for the District of Colorado entered on February 19, 2021.

The judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States, or involves a matter of public importance.

Pursuant to F.R.B.P. 8006(f)(1), the appellant hereby certifies that a circumstance specified within 28 U.S.C. Section 158(d)(2)(A)(i)-(iii) applies:

28 U.S.C. § 158(d)(2)(A) provides:

> (2) (A)The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A)(i)-(iii).

Applying the statute to the case at bar, the Debtor is a party to the order of February 19, 2021. The 10th Circuit has not ruled as to the question presented to this court. The consequences whether the trustee may retain fees in unconfirmed and dismissed cases have implications as to a multitude of cases in this district. Peripherally, there are conflicting opinions between the Circuit courts as to the application of the *Chevron deference* in the context of a trustee's percentage fee.

Signed: 3/8/2021

By: /s/ Stephen E. Berken
Stephen E. Berken, #14926
BERKEN CLOYES P.C.
1159 Delaware Street
Denver, Colorado 80204
(303) 623-4357
Fax No. (303) 554-7853
Email: stephenberkenlaw@gmail.com
*Attorney for Debtor-Appellant Daniel Richard Doll*