UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| DANIEL RICHARD DOLL, | : | |
| | : | Case No. 17-20831-MER |
| Debtor. | : | |

_____

CHAPTER 13 TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR DIRECT APPEAL
TO THE TENTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. §
158(d)(2)(B)(i) and FED. R. BANKR. P. 8006(e)

_____

Comes now, Adam M. Goodman, Chapter 13 Trustee ("Trustee") in the above-captioned case and files this Response to Debtor's Motion for Direct Appeal to the Tenth Circuit Court of Appeals at Docket #187 (the "Motion").  This response is filed pursuant to F.R.B.P. 8006(f)(3).  In support of same, Trustee states as follows:

Debtor seeks certification for direct appeal of the Court's Order at Docket # 185 to the Tenth Circuit Court of Appeals.  Debtor makes this request pursuant to 28 U.S.C. § 158(d)(2)(A)(i)-(iii).  In relevant portion, this provision of the U.S. Code provides that the Tenth Circuit Court of Appeals shall have jurisdiction of an appeal in this matter if:

> [T]he bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree...certify that
>> (i)the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>> (ii)the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>> (iii)an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A)(i)-(iii).

In his Motion, Debtor has not established that the specified criteria listed in § 158(d)(2)(A)(i)-(iii) have been met in order for certification for direct appeal to the Tenth Circuit Court of Appeals to be considered appropriate.

Under § 158(d)(2)(A)(i), Debtor must establish that there is a question of law as to which there is no controlling Tenth Circuit or Supreme Court authority.  Indeed, there is an applicable Tenth Circuit opinion, as this Court relied on such opinion in issuing the very Order from which Debtor seeks direct appeal.  To wit, this Court relied on *In re BDT Farms, Inc.*, 21 F.3d 1019 (10th Cir. 1994).

Although presented in a Chapter 12 context, the issue on appeal to the Tenth Circuit in *In re BDT Farms* was "whether the standing trustee's percentage fee under 28 U.S.C. § 586(e) is computed on the amount intended to be paid creditors through the trustee, or on the total amount transferred to the trustee." *Id.* at 1021.  In resolving the question of law, the Tenth Circuit stated "[w]e can only conclude that § 586(e) is ambiguous" and concluded "[w]hether Congress intended to allow the standing trustee to, in effect, collect a fee on his or her fee, or intended to limit the trustee's fee to a percentage of disbursements, is not clear from the statutory language, the larger statutory context, or the legislative history." *Id.* at 1023.

The Tenth Circuit determined that the appropriate approach under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) is to defer to the United States Trustee's interpretation of an ambiguous Code provision.  *Id.*  While the Debtor's issue in the case in chief differs from the primary issue in *BDT*, the Code provision in question remains the same.  The Debtor questions the Court's reliance on the United States Trustee Program ("USTP") and its interpretation of the relevant provisions of the Bankruptcy Code.  The USTP is the component of the Department of

Justice responsible for overseeing the administration of bankruptcy cases and private trustees under 28 U.S.C. § 586 and 11 U.S.C. § 101, *et seq*.  Deference to the USTP, with its broad administrative, regulatory, and litigation/enforcement authorities, operating under the Department of Justice, as to the interpretation of a Bankruptcy Code provision, is a reasonable and logical approach to resolving the issue at hand.  Further, this Court noted that its conclusion in the matter at hand would be same no matter if deference under *Chevron* were considered mandatory or persuasive.  Docket #185, Footnote 73.

Debtor indicates in his Motion that he has a sense the Court's "hands are tied." To the contrary, the Court's Order is clear, direct, and well-reasoned.  The Court has reviewed relevant authority on the subject—specifically, relevant Tenth Circuit precedent on the interpretation and application of the provisions of § 586(e) in *In re BDT Farms*—and determined that the appropriate course of action is to follow the Tenth Circuit precedent.  Thus, Debtor has failed to establish that there is a question of law appropriate for direct appeal to the Tenth Circuit, as required by 28 U.S.C. § 158(d)(2)(A)(i).

Under § 158(d)(2)(A)(ii), Debtor must establish that the matter at hand involves a question of law requiring resolution of conflicting decisions.  Debtor's only reference in his Motion to conflicting decisions is on Page 2, as follows: "Peripherally, there are conflicting opinions between the Circuit courts as to the application of the *Chevron* deference in the context of a trustee's percentage fee."  Debtor does not go into detail as to the nature of the conflict referenced.  Further, he indicates the conflicting opinions are with respect to *Chevron* deference, rather than the specific issue at hand.  Debtor does not elaborate on any potentially conflicting decisions regarding whether or not 28

U.S.C. § 586(e) is ambiguous as to the payment of the trustee's fee in a dismissed case. *In re BDT Farms* establishes appropriate guidance on how the matter at hand should be handled and there are no other Tenth Circuit opinions that contradict this holding. Debtor has not met the requirements of § 158(d)(2)(A)(ii).

Under § 158(d)(2)(A)(iii), Debtor must establish that a direct appeal to the Tenth Circuit may materially advance the progress of the case. Debtor makes no reference to the advancement of the case in his Motion and thus has not established that direct appeal is appropriate under this provision of the U.S. Code.

Further, in order for the Court to certify the case for direct appeal to the Tenth Circuit Court of Appeals, the request must comply with the requirements of F.R.B.P. 8006(f)(2). Pursuant to this Rule, Debtor's Motion must contain the following:

(A) the facts necessary to understand the question presented;
(B) the question itself;
(C) the relief sought;
(D) the reasons why the direct appeal should be allowed, including which circumstance specified in 28 U.S.C. §158(d)(2)(A)(i)–(iii) applies; and
(E) a copy of the judgment, order, or decree and any related opinion or memorandum.

F.R.B.P. 8006(f)(2)(A)-(E).

Debtor's Motion does not state a specific "question presented" and thus does not contain facts sufficient to understand any such question. Debtor's Motion does contain a statement of the relief sought, as he requests that the Court "grant Debtor's motion for certification of direct appeal to the Tenth Circuit Court of Appeals, or by way of its own motion, grant the same…" Docket #187, Page 3. Debtor does make reference to 28 U.S.C. §158(d)(2)(A)(i)–(iii), but has discussed above, does not fully establish the elements required by this section of the U.S. Code. Lastly, Debtor does not attach to his Motion a copy of the Court's Order or any other related opinion. Therefore, as Debtor's

Motion does not meet all the requirements of F.R.B.P. 8006(f)(2)(A)-(E), it should be denied.

Pursuant to F.R.B.P. 8006(f)(4), oral argument is not requested on the Debtor's Motion.

The Trustee maintains that the relevant provisions of the Bankruptcy Code are not ambiguous and can be read in harmony with one another. The Trustee is entitled to the required statutory percentage fee pursuant to 28 U.S.C. § 586(e), and 11 U.S.C. § 1326 supports § 586(e) in the collection of the percentage fee whether or not a plan is confirmed. The trustee's fee is not a payment proposed by the plan but rather is a payment required by statute. The Trustee is not a creditor and while he does "collect" the payments under the plan, the Code has no provision to require him to hold such payments. This Court has determined to the contrary, that 28 U.S.C. § 586(e) is ambiguous, but has nonetheless reached the same conclusion, that the Trustee is entitled to the required statutory fee in a Chapter 13 case dismissed prior to confirmation of a Chapter 13 Plan. The Court made such determination based on relevant Tenth Circuit precedent regarding the interpretation and application of the provisions of § 586(e) in *In re BDT Farms*. The Court's ruling should not be disturbed on appeal and Debtor has not set forth adequate ground for certification of a direct appeal to the Tenth Circuit.

WHEREFORE, based on the foregoing, the Chapter 13 Trustee opposes Debtor's request for direct appeal to the Tenth Circuit Court of Appeals. Debtor's Motion should be denied because he has not established the require elements of 28 U.S.C. § 158(d)(2)(A)(i)-(iii) nor F.R.B.P. 8006(f)(2)(A)-(E) in order for direct appeal to the Tenth Circuit Court of Appeals to be certified in this case. The Trustee requests that the

Court deny Debtor's Motion and requests all other such relief as the Court deems just and proper.

Dated: March 9, 2021

_/s/ Jennifer K. Cruseturner_____
Jennifer K. Cruseturner, #44452
Staff Attorney for Adam M. Goodman
Standing Chapter 13 Trustee
Post Office Box 1169
Denver, Colorado 80201
(303) 830-1971, phone
(303) 830-1973, facsimile
jcruseturner@ch13colorado.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing CHAPTER 13 TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR DIRECT APPEAL TO THE TENTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 158(D)(2)(B)(I) and FED. R. BANKR. P. 8006(E) was served by placing the same in the United States Mail, first class postage pre-paid, on March 9, 2021, and/or sent via the Court's electronic CM/ECF filing system, to the following parties:

Daniel Richard Doll
1366 W Spruce Ct
Rifle, CO 81650-3709

Stephen E. Berken
Sean Cloyes
1159 Delaware St
Denver, CO 80204

United States Trustee
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294

Diana A. Ray
811 Blake Ave
Glenwood Springs, CO 81621

Charles H. Willman
811 Blake Ave
Glenwood Springs, CO 81601-3423


    _/s/ Jennifer K. Cruseturner_
Jennifer K. Cruseturner, #44452
Chapter 13 Trustee's Staff Attorney