**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>DANIEL RICHARD DOLL,<br><br>    Debtor. | Case No. 17-20831 MER<br><br>Chapter 13 |

## ORDER

On February 19, 2021, the Court entered its Order denying Debtor's Motion to Disgorge Trustee Fee Payments.[1] In sum, the Court followed the precedent of the Tenth Circuit Court of Appeals' published opinion in *Foulston v. BDT Farms, Inc. (In re BDT Farms, Inc.)*[2] to conclude it should defer to the United States Trustee's guidance in determining the Chapter 13 Trustee's entitlement to fee payments in cases dismissed prior to plan confirmation. Debtor Daniel Richard Doll now appeals the Order,[3] and through two filings, requests direct certification of the appeal to the Tenth Circuit Court of Appeals.[4] Chapter 13 Trustee Adam Goodman, the only other party herein, opposes direct certification.[5]

Pursuant to 28 U.S.C. § 158(d)(2)(A), direct certification requires the Court to find:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

---

[1] ECF No. 185 ("**Order**") and ECF No. 157 ("**Disgorgement Motion**").

[2] 21 F.3d 1019 (10th Cir. 1994).

[3] ECF No. 189.

[4] ECF Nos. 187 and 192 ("**Certification Motions**").

[5] ECF No. 193.

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]

Here, 28 U.S.C. § 158(d)(2)(A)(i) does not apply because the Order followed the Tenth Circuit precedent of *BDT Farms*. While the Court acknowledges the matter is of great importance to the Trustee and Debtor herein, the Order has no effect on the estate as a whole, has little value to the public, and is important only within the specific context of pre-confirmation dismissals in Chapter 13 cases. Further, 28 U.S.C. § 158(d)(2)(A)(ii) does not apply because any conflicting decisions on the question do not detract from the binding authority of *BDT Farms*.[6] Finally, 28 U.S.C. § 158(d)(2)(A)(iii) does not apply because this case is closed and there are no other matters which could be made to progress more quickly through direct certification.

For these reasons, the Court declines to issue a certification under 28 U.S.C. § 158(d)(2)(A). The Certification Motions [ECF Nos. 187 and 192] are DENIED.

SO ORDERED.

Dated March 18, 2021

BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[6] *See Stanziale v. Car-Ber Testing, Inc., (In re Conex Holdings, LLC)*, 534 B.R. 606 (D. Del. 2015) (denying certification even where "district and bankruptcy courts are nearly equally divided on the issue," reasoning "[t]hese cases, however, do not detract from *Friedman's* binding authority within this Circuit, and thus do not justify direct certification under § 158(d)(2)(A)(ii)").